# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class ELIS M. LASALLE
### United States Air Force

## ACM 38323

## 10 February 2014

Sentence adjudged 3 November 2012 by GCM convened at Joint Base McGuire-Dix-Lakehurst, New Jersey. Military Judge: Michael A. Lewis (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 28 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Captain Jeffrey A. Davis.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Charles G. Warren; and Gerald R. Bruce, Esquire.

Before

HELGET, WEBER, and PELOQUIN
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HELGET, Senior Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, consistent with his pleas, of one specification of communicating indecent language to a child under the age of 16 years, and one specification of attempting to persuade a minor to engage in sexual activity under 18 U.S.C. § 2422(b), each in violation of Article 134, UCMJ, 10 U.S.C. § 934. Contrary to his pleas, the appellant was convicted of an additional specification of attempting to persuade a minor to engage

in sexual activity under 18 U.S.C. § 2422(b), in violation of Article 134, UCMJ.[1]  The appellant was sentenced to a dishonorable discharge, confinement for 28 months, reduction to E-1, and a reprimand.  The convening authority approved the adjudged sentence.

Before this Court, the appellant argues: (1) Specifications 3 and 4 of the Charge, which alleged that the appellant attempted to persuade a minor to engage in sexual activity, were defective because they failed to state all the necessary elements of the charged offenses, thereby failing to put him on notice of the crimes the Government was alleging; and (2) Specification 4 of the Charge amounts to prosecutorial overreach, extending beyond the ordinary and fair bounds of due process and notice.  Finding no error that materially prejudices a substantial right of the appellant, we affirm.

*Background*

In March 2011, the appellant joined the Air Force, completed basic training, and at some point was tasked with assisting a local recruiter in the Pennsylvania area.  In early October 2011, as part of his duties, the appellant attended a "college fair" at a local high school where he met two females and exchanged Facebook information.  One of the females, KS, was 13 years old at the time of the charged offenses, and the other female, CR, had just turned 16.  Both girls were in the 9th grade.  Shortly after meeting KS and CR, the appellant started sending both girls text messages of a sexual nature, to include asking them whether they wanted to engage in sexual intercourse.

Between 3-11 October 2011, while the appellant stayed at his brother's house in Pennsylvania, the appellant also sent text messages that contained indecent language of a sexual nature to his niece, who was 15 years old at the time.

*Failure to State an Offense*

Pursuant to Clause 3 of Article 134, UCMJ, the appellant was charged with two specifications of violating 18 U.S.C. § 2422(b).  The text of that statute reads, as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the . . . United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

---

[1] The appellant was acquitted of one charge and specification of wrongfully possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934.  Additionally, additional specifications of communicating indecent language to a minor under the age of 16 years and attempting to persuade a minor to engage in sexual activity were withdrawn after arraignment.

Specifications 3 and 4 alleged the following:

> In that [the appellant] . . . did at or near the Commonwealth of Pennsylvania, between on or about 3 October 2011 and on or about 6 October 2011, using a means of interstate commerce, knowingly attempt to persuade [], a child who had not attained the age of 18 years, to engage in sexual activity of a criminal nature, in violation of 18 U.S. Code Section 2422(b).[2]

At trial, prior to entering pleas, the appellant submitted a motion to dismiss Specifications 3 and 4 for failure to state an offense, arguing in part that the specifications failed to allege and notify the appellant of all of the applicable elements of the offenses. Specifically, the defense asserted that the Government failed to provide the appellant with notice of which statutes, federal or state, constituted the criminal offenses he had violated. After hearing argument from the parties, the military judge found that the specifications properly alleged offenses under 18 U.S.C. § 2422(b). Specifically, the military judge determined that, in light of the worldwide jurisdiction of the UCMJ, the language in the specifications, the words "of a criminal nature," and the reference to 18 U.S.C. § 2422 put the accused on notice of two offenses under Article 120, UCMJ, 10 U.S.C. § 920: aggravated sexual assault of a child and abusive sexual contact of a child. Additionally, the military judge determined that four Pennsylvania statutes were necessarily implied in the language "at or near the Commonwealth of Pennsylvania," "of a criminal nature," and the specific reference to § 2422(b). The military judge also took judicial notice of the respective Article 120, UCMJ, offenses and the Pennsylvania criminal statutes.[3]

In his ruling, the military judge relied upon the Navy-Marine Corps Court of Criminal Appeals decision in *United States v. Hickerson*, 71 M.J. 659 (N-M. Ct. Crim. App. 2012), *set aside on other grounds*, 73 M.J. 53 (C.A.A.F. 2013), which held that the pleading of an underlying state or federal statute rendering the sexual activity illegal is not required for an 18 U.S.C. § 2422(b) Clause 3 offense. *Id.* at 664-665.

At the conclusion of the motions, the appellant entered pleas. He pled guilty to Specification 3 of the Charge, which alleged that the appellant attempted to knowingly persuade KS to engage in sexual activity of a criminal nature. The appellant pled not guilty to Specification 4 which alleged that he attempted to persuade CR to engage in sexual activity of a criminal nature.

---

[2] The only difference between Specifications 3 and 4 is the name of the alleged victim.
[3] On 26 October 2012, five days before trial, the Government requested the military judge to take judicial notice of the Article 120, UCMJ, offenses and the Pennsylvania criminal statutes.

The military judge provided the following elements for Specification 3 in the providency inquiry:

1. That at or near the Commonwealth of Pennsylvania, between on or about 3 October 2011 and on or about 6 October 2011, [the appellant] knowingly attempted to persuade [KS] to engage in sexual activity;

2. That [the appellant] used a means of interstate commerce to do so;

3. That when [the appellant] did these acts, [KS] was less than 18 years old;

4. That [the appellant] intended to persuade [KS] to engage in sexual activity that would constitute a criminal offense for which [the appellant] or [KS] could be charged[,] specifically one or more of the following offenses:

(a) Aggravated sexual assault of a child under Article 120, UCMJ;

(b) Abusive sexual contact of a child under Article 120, UCMJ; or

(c) Corruption of Minors under 18 Pennsylvania Consolidated Statutes, Section 6301; and

5. [The appellant's] acts amounted to more than mere preparation; that is, they were a substantial step in a direct movement to persuading [KS] to engage in sexual activity.[4]

The military judge proceeded to list the elements and definitions of the Article 120, UCMJ, offenses and the Pennsylvania statutes. The appellant acknowledged that he understood the elements and definitions and admitted his guilt. The military judge ultimately accepted the appellant's guilty plea to the charged offense.

At the conclusion of the guilty plea inquiry, the Government continued its case-in-chief on the remaining charges, to include Specification 4 of the Charge concerning CR. Finding the appellant guilty of Specification 4, the military judge entered the following additional special finding:

[CR] was 16 years old during the charged time frame; therefore, as to the elements of the offense for Specification 4 of the Charge, the only sexual activity that is a criminal offense for which the accused can be charged was

---

[4] This fifth element was added pursuant to our Superior Court's decision in *United States v. Winckelmann*, 70 M.J. 403 (C.A.A.F. 2011).

18 Pennsylvania Consolidated Statutes Annotated, Section 6301(a)(i), General Corruption of Minors, a first degree Misdemeanor.[5]

On appeal, the appellant renews his contention that Specifications 3 and 4 of the Charge should be dismissed because they are facially defective in that they do not put him on notice of the offenses the Government was charging. Specifically, he asserts that the specifications fail to allege the underlying federal or state statute supporting the 18 U.S.C. § 2422(b) specifications, where that statute is the gravamen of the charge.

Whether a charge and specification state an offense and the remedy for their failure to do so are questions of law that we review de novo. *United States v. Ballan*, 71 M.J. 28, 33 (C.A.A.F. 2012). "A specification states an offense if it alleges, either expressly or by [necessary] implication, every element of the offense, so as to give the accused notice and protection against double jeopardy." *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006) (citing *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)); Rule for Courts-Martial 307(c)(3). The right at stake is the appellant's constitutional right to notice under the Fifth and Sixth Amendments.[6] *United States v. Girouard*, 70 M.J. 5, 10 (C.A.A.F. 2011). Clause 3 cases under Article 134, UCMJ, "involve noncapital crimes or offenses which violate Federal law." *United States v. Pierce*, 70 M.J. 391, 394 (C.A.A.F. 2011).

The appellant argues that the military judge should not have relied on the Navy-Marine Corps Court of Criminal Appeals decision in *Hickerson*, because in that case the appellant never raised the issue before trial, did not object to judicial notice of the state statute at trial, and raised the issue for the first time on appeal. Unlike *Hickerson*, in this case the appellant objected and filed a motion to dismiss the specifications at trial, and with at least one of the specifications pled not guilty.

Several United States Circuit Courts have addressed the issue of whether an offense charged under 18 U.S.C. § 2422(b) must also prove the underlying federal or state statute. In *United States v. Hart*, 635 F.3d 850 (6th Cir. 2011), the Sixth Circuit held:

> Because 18 U.S.C. § 2422(b) criminalizes persuasion and the attempt to persuade, the government is not required to prove that the defendant completed or attempted to complete any specific chargeable offense. The government need only prove, and the jury unanimously agree, that the defendant attempted to persuade a minor to engage in sexual activity that would have been chargeable as a crime if it had been completed.

---

[5] The age of majority/consent under the UCMJ is 16 years old; therefore, the military judge determined that only state law could provide the criminal offense underlying the 18 U.S.C. § 2422(b) violation.
[6] U.S. CONST. amend. V and VI.

*Id.* at 855.

Also, in *United States v. Davila-Nieves*, 670 F.3d 1 (1st Cir. 2012), the First Circuit ruled that the trial court appropriately took notice of the Puerto Rico statute that was the basis for the criminal offense of the charged crime of using interstate means in an attempt to induce a minor to engage in criminal sexual activity, where the prosecution was only required to prove the elements of the charged offense, not the specific elements of the Puerto Rico statute. *Id.* at 8. In *United States v. Lanzon*, 639 F.3d 1293 (11th Cir. 2011), the Eleventh Circuit observed that the "underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *Id.* at 1298 (quoting *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004)). Additionally, in *United States v. Hite*, 2013 WL 2901221 (D.D.C. 14 June 2013), the D.C. District Court ruled that in order to convict the defendant of attempted coercion and enticement of a minor under 18 U.S.C. § 2422(b), the Government was not required to prove that the defendant violated or attempted to violate the underlying District of Columbia statute; the Government only needed to prove that if the sexual activity the defendant attempted to entice the minor to engage in had taken place, the defendant could have been charged under the District of Columbia's statute. *Id.* at *3. Conversely, in *United States v. Kaye*, 243 Fed. Appx. 763 (4th Cir. 2007) (unpub. op.), the Fourth Circuit held that the Government was required to prove the additional elements of the underlying state offense. *Id.* at 766.

We concur with the view of a majority of the federal circuit courts and the Navy-Marine Corps Court of Criminal Appeals, that the Government is not required to specifically prove the underlying UCMJ or state offense in charging a violation of 18 U.S.C. § 2422(b) under Clause 3 of Article 134, UCMJ. If the underlying UCMJ or state offense need not be proven, then it need not be alleged. We disagree with the appellant that the gravamen of the offense is the violation of the underlying offense; the offense occurs when the appellant attempts to persuade a minor to engage in sexual activity that is prohibited under state or federal law. Though it may be preferred to specifically allege the state or federal statute that applies, as long as the Government has alleged all of the elements of 18 U.S.C. § 2422(b), it has properly stated an offense under Clause 3 of Article 134, UCMJ.

Even if the Government should have specifically alleged the underlying Article 120, UCMJ, offenses and Pennsylvania statutes, we find the error was harmless beyond a reasonable doubt. In *Humphries*, our superior court held that an appellant's substantial right to notice under the Fifth and Sixth Amendments is implicated where a specification fails to allege an element of the offense charged. *United States v. Humphries*, 71 M.J. 209, 215 (C.A.A.F. 2012). Once error is shown in a contested case where the military judge has denied the appellant's motion to dismiss, the Government must demonstrate that the error was harmless beyond a reasonable doubt. *Id.* Reviewing courts "look to the record to determine whether notice of the missing element is

somewhere extant in the trial record or whether the element is 'essentially uncontroverted.'" *Id.* at 215-16.

Prior to entering pleas, the appellant was placed on notice as to which UCMJ and Pennsylvania offenses the Government was relying upon in Specifications 3 and 4 of the Charge. The Government requested the military judge to take judicial notice of the said offenses which he did during the pretrial motions hearing. Further, during the providency inquiry of Specification 3, the appellant was informed of the elements and definitions to all of the applicable Article 120, UCMJ, offenses and Pennsylvania statutes. Although the appellant pled not guilty to Specification 4, he was placed on notice that only one of the four Pennsylvania statutes referenced by the military judge for Specification 3 applied to a minor who had reached the age of 16. Ultimately, this was the statute the military judge referenced in his special finding for Specification 4. Accordingly, even if error occurred, the Government has shown that it was harmless beyond a reasonable doubt.

*Prosecutorial Overreach*

The appellant contends that because having sex with a 16-year-old is not generally a crime in the military, charging the appellant under Specification 4 of the Charge with a state law offense that criminalizes the same conduct constitutes "prosecutorial overreach." We disagree.

We may affirm only such findings of guilty, and the sentence or such part of the sentence, as we find correct in law and determine on the basis of the entire record, should be approved. Article 66(c), UCMJ, 10 U.S.C. § 866(c). Under Article 66(c), UCMJ, we have the authority to remedy cases involving prosecutorial overreach through our sentence appropriateness authority. *United States v. Campbell*, 71 M.J. 19, 26 (C.A.A.F. 2012). However, we have no authority to disapprove a legally and factually sufficient conviction absent some legal standard for doing so, and we may not "override Congress' policy decision, articulated in a statute, as to what behavior should be prohibited." *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010) (quoting *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 497 (2001)).

Senior Airman (SrA) Nerad was convicted of, *inter alia*, possession of child pornography under Article 134, UCMJ, Clause 3, for violating 18 U.S.C. § 2256, which defines a "minor" as "any person under the age of eighteen years." The conduct that gave rise to this conviction was SrA Nerad's possession of sexually explicit digital images and videos of his 17-year-old girlfriend. He asserted that this Court had the authority under Article 66(c), UCMJ, to set aside his conviction on the grounds that the UCMJ defines the age of consent to sexual relations as 16, and therefore a conviction for possessing images and videos of someone of age to consent to a sexual relationship should not be approved. *Id.* Our Court initially agreed with SrA Nerad and set aside the conviction; however, our superior court overruled this action. The Court held: "While

the [Court of Criminal Appeals] clearly has the authority to disapprove part or all of the sentence and findings, nothing suggests that Congress intended to provide the [courts of criminal appeals] with unfettered discretion to do so for any reason, for no reason, or on equitable grounds, which is a function of command prerogative." *Id.* at 145. The Court noted that service courts may dismiss findings based on legal grounds, including unreasonable multiplication of charges, but "we have never suggested that Article 66(c), UCMJ, permits a [court of criminal appeals] to disapprove a legally and factually sufficient finding because it believes that the conduct – while falling squarely within the ambit of behavior prohibited by a constitutional criminal statute – should not be criminalized." *Id.* at 146.

In the instant case, the appellant invites this Court to take the very action prohibited by our superior Court in *Nerad*. Congress has seen fit to criminalize the persuading, inducing, enticing, or coercing of any individual under the age of 18 to engage in any criminal sexual activity. The appellant's conviction for violating 18 U.S.C. § 2422(b) is legally and factually sufficient because he attempted to persuade a girl under the age of 18 to engage in a sexual act that is criminal under state law. The appellant does not challenge the legal or factual sufficiency of his conviction. Pursuant to Article 134, UCMJ, Clause 3, the appellant was charged with a violation of a federal statute, 18 U.S.C. § 2422(b), which defines a minor as someone under the age of 18. Likewise, as the military judge found, the appellant's misconduct was in violation of 18 Pennsylvania Consolidated Statutes Annotated, Section 6301(a)(i), General Corruption of Minors. Further, Specification 4 concerned a separate victim from the other specifications of the Charge. Accordingly, under these circumstances, the Government's decision to charge Specification 4 was a lawful use of its discretion to charge all of the offenses committed by the appellant to capture the full extent of his misconduct.

The fact that CR was 16 years old and therefore could legally engage in sexual acts with the appellant under the UCMJ does not change the fact that Congress elected to criminalize the persuasion or attempted persuasion of anyone under the age of 18 to engage in a criminal sexual act. It is not this Court's place to second-guess the wisdom of Congress's action, and we have no legal grounds on which to set aside this factually and legally sufficient conviction. In addition, recognizing that we have authority under Article 66(c), UCMJ, to modify the sentence in cases of prosecutorial overreaching, we nonetheless find the appellant's sentence appropriate for the crimes of which he was convicted.[7]

---

[7] The appellant does not allege, nor do we find, that the Government was prohibited from charging the appellant under Article 134, UCMJ, 10 U.S.C. § 934, Clause 3 by the doctrine of preemption. The preemption doctrine prohibits application of Article 134 to conduct covered by Articles 80 through 132, UCMJ. *Manual for Courts-Martial*, Part IV, ¶ 60.c(5)(a) (2012 ed.). In addition, in limited situations the doctrine prohibits the Government from charging actions under Article 134 that embrace similar misconduct to that prohibited under another Article. However, "simply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine." *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979). "In addition, it must be shown that Congress intended the other punitive article to cover a

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F. 2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

class of offenses in a complete way." *Id.* Therefore, the doctrine does not apply to conduct not criminalized under another Article unless "Congress . . . indicate[s] through direct legislative language or express legislative history that particular actions or facts are limited to the express language of an enumerated article, and may not be charged under Article 134, UCMJ." *United States v. Anderson*, 68 M.J. 378, 387 (C.A.A.F. 2010). We see no evidence of such Congressional intent in this situation.

ACM 38323