# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Airman First Class PHILLIP A. WILLIAMS
### United States Air Force

### ACM 38406

### ____ M.J. ____

### 08 December 2014

Sentence adjudged 15 May 2013 by GCM convened at Minot Air Force Base, North Dakota. Military Judge: Martin T. Mitchell.

Approved Sentence: Bad-conduct discharge, confinement for 2 years and 6 months, reduction to E-1, and a reprimand.

Appellate Counsel for the Appellant: Major Isaac C. Kennen and Captain Lauren A. Shure.

Appellate Counsel for the United States: Major Daniel J. Breen; Major Roberto Ramírez; and Gerald R. Bruce, Esquire.

Before

SANTORO, WEBER, and CONTOVEROS
Appellate Military Judges

PUBLISHED OPINION OF THE COURT

WEBER, Judge:

A panel of officer members at a general court-martial convicted the appellant, contrary to his pleas, of one specification each of viewing, possessing, receiving, and distributing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The adjudged sentence consisted of a bad-conduct discharge, confinement for 3 years, reduction to E-1, and a reprimand. In an act of clemency, the convening authority reduced the appellant's confinement to 2 years and 6 months while approving the remainder of the sentence.

The appellant alleges the specification of possessing child pornography is multiplicious with the specifications of receiving and distributing child pornography. He also challenges the legal sufficiency of his conviction for distributing child pornography.

*Background*

In August 2012, a special agent with the North Dakota Bureau of Criminal Investigations identified the appellant's internet protocol (IP) address as potentially trafficking in seven files of child pornography through a peer-to-peer file sharing program called "Ares." The agent used a version of the Ares program modified for law enforcement to download four video files of child pornography from the appellant's IP address. A lawful search of the appellant's laptop computer in his dormitory room demonstrated that he used Ares to download seven video files of child pornography. He used search terms such as "underage," "Lolita," "kid sex," "pedofilia," [sic] "incest," and "family sex" to locate these videos.

Law enforcement agents interviewed the appellant in his dormitory building while his room was searched. The appellant admitted to searching for videos of underage people in sexual situations and to using search terms to specifically find such videos. He admitted to watching videos of children as young as ten years old that were on his computer and on one occasion to masturbating to such a video. The appellant also stated that he viewed a significant amount of legal pornography and that downloading and viewing child pornography was a small part of his overall activity on peer-to-peer networks. He did not explicitly admit that he knew the videos of child pornography he downloaded and saved on his hard drive could be downloaded by others through the peer-to-peer network, but he did demonstrate general awareness of how peer-to-peer file sharing programs work.

*Multiplicity*

The appellant alleges the specification of possessing child pornography is multiplicious with the receiving and distributing child pornography specifications. He reasons that he could not receive and distribute child pornography unless he possessed it, and therefore to prove receipt and distribution, the Government necessarily had to prove possession. Relatedly, he asserts that possession of child pornography is a lesser included offense of receipt and distribution, as the elements of each offense are identical. The Government disagrees, arguing that the specifications address distinct criminal acts, and, in any event, the military judge mooted the issue by merging the specifications of viewing, possessing, and receiving child pornography for sentencing.

This court reviews multiplicity issues de novo. *United States v. Anderson*, 68 M.J. 378, 385 (C.A.A.F. 2010). Multiplicity, in violation of the Double Jeopardy

Clause of the Constitution[1], occurs when "'a court, contrary to the intent of Congress, imposes multiple convictions and punishments under different statutes for the same act or course of conduct.'" *Id.* (quoting *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006)) (emphasis omitted). Accordingly, an accused may not be convicted and punished for two offenses where one is necessarily included in the other, absent congressional intent to permit separate punishments. *See United States v. Teters*, 37 M.J. 370, 376 (C.M.A. 1993); *United States v. Morita*, 73 M.J. 548, 564 (A.F. Ct. Crim. App. 2014). Where legislative intent is not expressed in the statute or its legislative history, "it can also be presumed or inferred based on the elements of the violated statutes and their relationship to each other." *Teters*, 37 M.J. at 376–77. The Supreme Court laid out a "separate elements test" for analyzing multiplicity issues: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Accordingly, multiple convictions and punishments are permitted if the two charges each have at least one separate statutory element from each other. *Morita*, 73 M.J. at 564.

The Article 134, UCMJ, offenses of possessing, receiving, and distributing child pornography contain similar elements.[2] The first element of each offense is that the appellant knowingly and wrongfully possessed, received, or distributed child pornography, as applicable. The second element is that under the circumstances, the appellant's conduct was of a nature to bring discredit upon the armed forces. The only other distinction in the specifications' elements is that the Government charged the appellant with possessing seven specific files of child pornography, while the receipt and distribution specifications merely allege that he committed the acts on divers occasions within the same time frame. However, the evidence at trial clearly indicated that the files the appellant was convicted of possessing were included within the files the appellant was convicted of receiving, and the files he was convicted of distributing were a subset of the same files he was convicted of possessing.

No binding authority provides that possessing child pornography is per se a lesser included offense of receiving or distributing the same files of child pornography. However, civilian federal opinions provide persuasive authority that a conviction for both receipt and possession of the same images can unconstitutionally subject a defendant to double jeopardy. *United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011); *United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008). In *United States v. Craig*, 68

---

[1] U.S. CONST. amend. V.

[2] The appellant's misconduct took place between 18 August 2012 and 4 September 2012. Therefore, he was charged under the enumerated Article 134, UCMJ, 10 U.S.C. § 934, offense for acts involving child pornography. *See Manual for Courts-Martial* (*MCM*), *United States*, Part IV, ¶ 68b (2012 ed.); *see also MCM*, app. 23 at A23-22 (explaining the new enumerated Article 134 child pornography offense, added by Executive Order 13593, applies to offenses committed on or after 12 January 2012).

M.J. 399 (C.A.A.F. 2010), our superior court affirmed an appellant's conviction for receipt and possession of child pornography against a multiplicity challenge. However, the court did so by finding the appellant's unconditional guilty plea waived any multiplicity claim, and that "the receipt and possession offenses were not facially duplicative because Appellant received the files on one medium and stored them on another." *Id.* at 400; *see also United States v. Purdy*, 67 M.J. 780, 781 (N.M. Ct. Crim. App. 2009) (reviewing multiplicity claim under a plain error standard and finding specifications of receipt and possession of child pornography not multiplicious because the appellant exhibited "a clear exercise of dominion over the child pornographic images separate and apart from his initial receipt sometime earlier").

In a related context, our superior court has held that the elements of possession of a drug were included within the elements of proof for a charge of distributing the same drug, and therefore the possession and distribution specifications were multiplicious. *United States v. Zubko*, 18 M.J. 378, 385–86 (C.M.A. 1984); *see also United States v. Savage*, 50 M.J. 244, 245 (C.A.A.F. 1999) (reversing a conviction for possessing a drug with the intent to distribute on the grounds that it was multiplicious with a charge of distributing that same drug); *United States v. Wilson*, 45 M.J. 512, 513 (Army Ct. Crim. App. 1996) (finding specifications of possessing and distributing marijuana multiplicious). However, the *Zubko* court also found that receipt and possession of a drug are legally distinct concepts, as possession may include any exercise of control over the drug, including acts subsequent to receipt of the drug. *Zubko*, 18 M.J. at 385.

Under this framework and considering the facts of this particular case, we find the appellant's conviction for possessing child pornography multiplicious with the conviction for distributing and receiving child pornography. The Government's evidence at trial indicated the appellant received child pornography by searching for it and downloading it through the Ares peer-to-peer file sharing program. His possession of these files involved no additional steps, as they merely resided in the default "My Shared Folder" location on the appellant's hard drive where the Ares program placed the files. The only way the appellant then distributed these files, as discussed below, was to allow the files to reside in the "My Shared Folder" without altering the Ares default settings that allowed other Ares users to access and download these files. The Government did not demonstrate that the appellant took any further affirmative steps to possess the material (such as transferring the files to other media devices or moving them to other locations on his hard drive) or to distribute the material after he received the images. While it may be theoretically possible to possess child pornography without necessarily receiving and distributing it (and vice versa), under the facts of this case, the appellant's receipt, possession, and distribution of the material all flow directly from the same course of conduct without further affirmative steps on his part. The fact that the military judge merged three of the specifications for sentencing does not moot this issue, as "an unauthorized conviction has 'potential adverse collateral consequences that may not be

ignored,' and constitutes unauthorized punishment in and of itself." *Savage*, 50 M.J. at 245 (quoting *Ball v. United States*, 470 U.S. 856, 865 (1985)).

In addition, during discussion concerning the defense's multiplicity motion at trial, trial counsel indicated the Government elected to charge the appellant in this manner, at least in part, because the members may have found the requisite knowing and wrongful acts for the appellant's possession but not for the receipt, or vice versa. Therefore, trial counsel stated that "both of those options need to be presented to the members" and that "all these charges need to be on the charge sheet" to account for alternative theories of guilt. To the extent the Government elected to refer multiple specifications to trial in the alternative to account for exigencies in proof, our superior court's decision in *United States v. Elespuru*, 73 M.J. 326 (C.A.A.F. 2014), requires that when a panel returns guilty findings on multiple specifications that were charged for exigencies of proof, the problem must be remedied through dismissal or consolidation of the specifications.

Where an appellant has been convicted of multiplicious specifications, this court may permit the Government to elect which finding of guilty will be affirmed. *United States v. Palagar*, 56 M.J. 294, 296–97 (C.A.A.F. 2002). However, the Government need not be given this option. Here, the appellant asks this court to dismiss the specification of possessing child pornography, and we see nothing unreasonable with the appellant's request. The appellant's act of possessing the child pornography formed the bridge between his receipt and distribution of this material; therefore, dismissing the possession specification appears to be a logical step to cure the multiplicity. We therefore dismiss the specification for possessing child pornography. However, pursuant to our broad sentence reassessment authority, *see United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), we find the appellant is not entitled to sentence relief because the military judge merged three of the specifications (including the possession specification) at trial.

*Legal Sufficiency*

The appellant also challenges the legal sufficiency of his conviction for distributing child pornography. He asserts that the only way he "distributed" child pornography was by leaving the images he downloaded in the program's default location and by failing to change the program's default settings that made the files available for download by other program users. He also asserts that the only evidence the Government introduced that another person actually downloaded the files from the appellant's computer was testimony by a law enforcement agent that the agent was able to download some of the files as part of his investigation. Under these circumstances, the appellant argues, the distribution could not be wrongful because the law enforcement agent downloaded it for a legitimate purpose. Alternatively, the appellant asserts that "allowing government agents to intervene in such a manner and essentially create the criminal act is

so shocking to the judicial consci[ence] that a conviction under these circumstances cannot be sustained."

We agree with the appellant's representation of what the facts at trial demonstrated. We disagree with his conclusion as to the legal effect of these facts.

We review issues of legal sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (citation and internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). Our assessment of legal sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

Having evaluated the entire record of trial, we are convinced of the legal sufficiency of the appellant's conviction for distributing child pornography.[3] The Government proved at trial that once the appellant downloaded child pornography files through the Ares program, they were stored by default in the "My Shared Folder" location on the appellant's computer hard drive. The Ares program defaulted to allowing other users to access and download files saved in the "My Shared Folder" location. An agent from the North Dakota Bureau of Criminal Investigations served as the Government's computer forensics expert. He testified that, as part of his investigation, he successfully downloaded four files of child pornography that the appellant had in the "My Shared Folder" location on his computer hard drive. The agent testified that it might not be necessarily apparent to an average computer user how to change the default settings and that the program was designed this way because its purpose was to allow for file sharing. He testified that most users who do not want to share given files merely move them out of the "My Shared Folder" location. The agent further testified that the appellant would not necessarily know if someone downloaded files from his hard drive, and the Government introduced no evidence that the appellant specifically advertised that he had child pornography files he was willing to share. The Government also introduced no evidence that anyone besides the agent actually downloaded the files of child pornography.

Federal law criminalizes any knowing distribution of child pornography. *See* 18 U.S.C. § 2252A(a)(2) While the instant case involves a charged violation of Article 134, UCMJ, the parties agreed that definitions from the Child Pornography

---

[3] While the appellant's assignment of error is limited to legal sufficiency, we have also considered the issue of factual sufficiency, as our statutory mandate in Article 66(c), UCMJ, 10 U.S.C. § 866(c), requires us to do in every direct appeal before us. We find the appellant's convictions factually sufficient.

Prevention Act, 18 U.S.C. § 2252A, were appropriate here. The act does not define the term "distribute," but our superior court has held that the term involves a disbursement, delivery, or apportionment of material. *United States v. Kuemmerle*, 67 M.J. 141, 144 (C.A.A.F. 2009). The court also held that the *Manual for Courts-Martial*'s definition of "distribute" concerning drug offenses provides a helpful reference in determining the meaning of distribution for purposes of child pornography. *Id.* The *Manual*'s definition of distribute states: "'Distribute' means to deliver to the possession of another. 'Deliver' means the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship." *Manual for Courts-Martial, United States*, Part IV, ¶ 37.c(3) (2012 ed.).

In *United States v. Gorski*, 71 M.J. 729 (Army Ct. Crim. App. 2012), our sister service court found a guilty plea to distributing child pornography improvident because the service member indicated he did not know if another user actually downloaded pornographic files that he had obtained from a peer-to-peer file sharing program. In that case, the appellant confirmed that he knew others could download images and videos containing child pornography from his shared folder, and he admitted he intentionally left files containing child pornography in his shared folder, but he could not confirm if another user downloaded any files containing child pornography from him. *Id.* at 732. The court found the plea under these facts improvident. However, the court noted that "an actual download of child pornography by a third-party directly from an accused completes a distribution offense under [18 U.S.C.] § 2252A." *Id.* at 734; *see also United States v. Craig*, 67 M.J. 742, 746 (N.M. Ct. Crim. App. 2009) (finding a guilty plea to child pornography distribution improvident where there was no evidence any other person actually downloaded any files the accused made available through the peer-to-peer file sharing program); *United States v. Hussman*, 765 F.3d 169, 174, 177 (3rd Cir. 2014) (vacating conviction for distributing child pornography because there was no evidence that another person actually downloaded or obtained images the appellant stored in a shared folder created by a peer-to-peer file sharing program; "distribution occurs when pornographic materials are actually transferred to or downloaded by another person").

As these cases indicate, another person must actually receive files of child pornography for a distribution offense to have been committed. There is ample support for the proposition that such other person may be a law enforcement agent. In *Kuemmerle*, for example, our superior court upheld a conviction for child pornography distribution where the accused posted a sexually explicit image of a child to his e-mail profile. 67 M.J. at 145. The court held that the appellant's offense was complete when a law enforcement agent accessed and viewed the image the appellant had posted for others to view. *Id.* Similarly, several federal circuit courts have held that child pornography distribution convictions are legally sufficient in situations similar to the appellant's. *See United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012) (holding evidence was sufficient to support a conviction for child pornography distribution where the defendant

maintained child pornography in a shared folder, knew that doing so would allow others to download it, and law enforcement agents downloaded the files from the appellant's IP address); *United States v. Chiaradio*, 684 F.3d 265, 282 (1st Cir. 2012) ("The fact that distribution was effected to an undercover law enforcement officer does not mitigate the fact that distribution occurred."); *United States v. Shaffer*, 472 F.3d. 1219, 1223–24 (10th Cir. 2007) (finding conviction for distribution of child pornography legally sufficient where evidence of distribution included fact investigating agent "had no trouble whatsoever picking and choosing for download" images from defendant's shared folder). Additionally, in *United States v. Christy*, 65 M.J. 657, 663 (Army Ct. Crim. App. 2007), the Army court similarly held that an appellant's use of a peer-to-peer file sharing program to search for and download child pornography files while allowing other users to search for and download his child pornography files constituted distribution of child pornography. The court reasoned that the appellant in that case admitted he had no doubt other users had downloaded child pornography from his computer, and he knew a law enforcement agent had actually downloaded a child pornography file from his computer using the software. *Id.*

In the case before us, the appellant specifically sought out and knowingly possessed files containing child pornography. He then kept these files in a location where the plain language of the program's user agreement indicated others would have access to those files. We see no legal insufficiency where the only evidence of distribution was that a law enforcement agent downloaded the files the appellant made available. Concerning the appellant's claim that our "judicial conscience" should be "shocked" by the appellant's conviction, we are cognizant of our authority under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to set aside a legally and factually sufficient conviction on the grounds that it should not be approved, provided this decision is rooted in a legal standard rather than purely equitable factors or a belief that certain conduct should not be criminal. *See United States v. Nerad*, 69 M.J. 138, 147 (C.A.A.F. 2010). Our conscience is not shocked by the appellant's conviction for distributing child pornography, and we see no reason to set aside this legally and factually sufficient conviction.

*Conclusion*

The appellant's conviction under Specification 2 of the Charge for possession of child pornography is set aside and disapproved. We affirm the findings for the Charge and the remaining Specifications. The sentence is reassessed to the same sentence approved by the convening authority. The approved findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court