**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman MATTHIEU M. STEPHENS**
**United States Air Force**

**ACM 38487**

**23 April 2015**

Sentence adjudged 22 August 2013 by GCM convened at Barksdale Air Force Base, Louisiana. Military Judge: Matthew P. Stoffel (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 30 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Daniel J. Breen; Major Meredith L. Steer; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

A general court-martial composed of military judge alone convicted the appellant, pursuant to his pleas, of wrongfully possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. Contrary to his pleas, the military judge convicted him of distribution of child pornography, in violation of Article 134, UCMJ.[1] The adjudged and

---

[1] The military judge found the appellant guilty of the specification alleging wrongful distribution of child pornography, except the words "to the prejudice of good order and discipline in the armed forces."

approved sentence consisted of a dishonorable discharge, 30 months of confinement, forfeiture of all pay and allowances, and reduction to E-1.[2]

Before us, the appellant argues (1) his conviction of distributing child pornography was factually and legally insufficient, (2) the military judge abused his discretion when he failed to merge the specifications of possessing and distributing child pornography for sentencing purposes, (3) trial counsel made an improper sentencing argument that was materially prejudicial, and (4) the sentence was inappropriately severe.[3] Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Background*

Lieutenant (Lt) JR was a member of the DeSoto Parish (Louisiana) Sherriff's Office, and he also worked for the FBI Crimes Against Children Task Force and the Northwest Louisiana Crimes Against Children Task Force. In the course of his duties, Lt JR observed that an Internet Protocol (IP) address belonging to the appellant appeared to be associated with child pornography. Using peer-to-peer software via the Internet, Lt JR downloaded four child pornography videos from the appellant's computer. Lt JR forwarded this information to Air Force Office of Special Investigations (AFOSI) agents who obtained a valid search authorization and seized a laptop computer and other media belonging to the appellant. The laptop was then sent to the Defense Computer Forensics Laboratory (DCFL) for testing.

DCFL personnel discovered on the appellant's laptop approximately 77,000 data files of which a substantial portion displayed minors engaged in sexually-explicit conduct.[4] DCFL personnel also found that, at the time the laptop was seized, 132 files consisting largely, if not exclusively, of child pornography were listed in a "Shared Files" folder that could be accessed without barriers by anyone using the peer-to-peer program called eMule or the network known as eDonkey.

---

[2] We note the court-martial order in this case, in setting out the action of the convening authority, inaccurately refers to the appellant's dishonorable discharge as a "dishonorable conduct discharge." The convening authority's action does not contain this error. We direct the promulgation of a corrected order.

[3] The final issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] The Defense Computer Forensics Laboratory expert called by the government at trial implied that most of the 77,000 files involved child pornography, while a forensic computer expert called by the defense estimated that only about 10 percent of those files were actual child pornography. For purposes of our decision, it is sufficient to observe that the appellant possessed on his computer a large quantity of child pornography.

*Legal and Factual Sufficiency*

The appellant argues the evidence is factually insufficient to establish he knowingly distributed child pornography.[5]

We review issues of legal and factual sufficiency de novo. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). "The test for legal sufficiency of the evidence is whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Humpherys*, 57 M.J. 83, 94 (C.A.A.F. 2002) (citations and internal quotation marks omitted). "[I]n resolving questions of legal sufficiency, we are bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001).

The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the accused's guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate role, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399.

We have held a knowing distribution occurs when law enforcement agents download child pornography from the shared folder of a computer maintained by the accused and known by him to allow downloading by others. *United States v. Williams*, 74 M.J. 572, 577 (A.F. Ct. Crim. App. 2014). The appellant concedes he wrongfully possessed child pornography, and he does not dispute that Lt JR downloaded four video files containing such contraband from his computer.

The appellant contends, however, that the evidence does not prove he knowingly distributed child pornography. The appellant argues one matter in particular. According to the record of trial, the eMule peer-to-peer program used by him to collect child pornography had certain security settings. One of those settings was titled "See My Shared Files/Directories" and offered three choices: Everybody, Friends only, and Nobody. At the time the appellant's laptop was seized by the AFOSI, the selected setting was Nobody. This, according to the appellant, demonstrates that, rather than knowingly sharing the child pornography possessed by him with other Internet users, he sought to hide it from others. We are not persuaded.

---

[5] While the appellant does not expressly challenge the legal sufficiency of the evidence, we have considered also whether the evidence was legally sufficient.

The appellant appears to have been both intelligent[6] and very familiar with peer-to-peer file sharing. Via eMule alone, he had downloaded vast numbers of videos and other documents, totaling about 77,000 files or 53 gigabytes of data. From displays on his eMule program, he could observe that roughly four times that amount of data had been shared or uploaded from his own computer by others. The search of the appellant's laptop indicated he had used at least one other peer-to-peer program, Frostwire, to download child pornography as well.

Regarding eMule in particular, the evidence showed this program was designed specifically for sharing. Once a user downloaded a particular file using eMule, it was impossible for the user to thereafter block the sharing of that file, absent removing the file completely from the eMule program. Experts for the government and defense disagreed as to whether the Nobody setting from the security options might have been merely a default, or would have indicated an affirmative effort by the appellant to hide his listings of child pornography. Both experts agreed, however, that, while the Nobody setting would have obscured from the view of others a listing of available files, that setting would have done nothing to block the actual sharing of those files. Moreover, the main page of the appellant's eMule program displayed a conspicuous icon titled "Shared Files." At the time his laptop was seized by AFOSI, there were 132 files consisting largely, if not exclusively, of child pornography available for download by any user of the eMule program within the Shared Files folder.

We are convinced that, under the circumstances, the appellant knew he had made child pornography on his computer available for illegal transfer to others. We find Lt JR's subsequent downloading of the four videos from the appellant's computer amounted to knowing distribution of child pornography. Viewing the evidence in the light most favorable to the government, we are convinced a rational factfinder could find beyond a reasonable doubt the appellant was guilty of the offense. Upon our own review of the evidence in the record of trial, we are personally convinced of the appellant's guilt beyond a reasonable doubt.

*Unreasonable Multiplication of Charges*

Although he did not object at trial, the appellant now contends the military judge abused his discretion when he failed to merge, for sentencing purposes, the specifications alleging possession and distribution of child pornography.

A military judge's decision to deny relief for unreasonable multiplication of charges is reviewed for an abuse of discretion. *United States v. Campbell*, 71 M.J. 19, 22

---

[6] The personal data sheet reflects, for example, "Military Test Scores: Admin—94; Elect—87; Gen—97; Mech—93."

(C.A.A.F. 2012). In general, the failure by a party to raise a defense, make an objection, or to make a motion or request in a timely manner at trial forfeits[7] the right to raise that issue on appeal. Rule for Courts-Martial (R.C.M.) 905(e). The doctrine of unreasonable multiplication of charges stems from "those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001).

We find the appellant did not preserve for appeal the claim of unreasonably multiplied charges. Assuming arguendo, however, that forfeiture does not apply, we find no unreasonable multiplication of charges in the present case. In addressing whether the government has unreasonably multiplied charges, this court applies a five-part test:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?

(2) Is each charge and specification aimed at distinctly separate criminal acts?

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?

(4) Does the number of charges and specifications unreasonably increase the appellant's punitive exposure?

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004) (citing *Quiroz*, 55 M.J. at 338). When conducting this *Quiroz* analysis, we are mindful that "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4).

Applying these standards, we find all of the *Quiroz* factors weigh against the appellant, and the charges in his case are not unreasonably multiplied.

---

[7] Our superior court's decision in *United States v. Campbell*, 68 M.J. 217, 219–20 (C.A.A.F. 2009), stated that the appellant "waived" his ability to raise a multiplicity issue on appeal. However, the court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009), recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture'" and held that a claim of multiplicity was only waived by the appellant's unconditional guilty plea because the appellant agreed to waive all waivable motions in a pretrial agreement. Following *Gladue*, absent an affirmative waiver by the appellant, the term "forfeiture" should generally characterize the failure to object at trial to an alleged unreasonable multiplication of charges.

*Improper Argument*

The appellant contends his sentence should be set aside or that, in the alternative, this court should approve no more of his sentence than a bad-conduct discharge because of improper argument during sentencing. We disagree.

We review allegations of improper argument in sentencing de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). When there is no objection to the sentencing argument at trial, we review the issue for plain error. *Id.* (citing *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007). "[T]o prevail under a plain error analysis, [the appellant] must demonstrate that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right'" of the appellant. *Erickson*, 65 M.J. at 223 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). In cases where a defense objection is overruled at trial, the question is "whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused."

"A trial counsel is charged with being a zealous advocate for the Government." *United States v. Barrazamartinez*, 58 M.J. 173, 176 (C.A.A.F. 2003) (citing *United States v. Nelson*, 1 M.J. 235, 238 (C.M.A. 1975)). As a zealous advocate, trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citing *Nelson*, 1 M.J. at 239). During sentencing argument, "trial counsel is at liberty to strike hard, but not foul, blows." *Id.* Trial counsel may not "seek unduly to inflame the passions or prejudices of the court members." *United States v. Clifton*, 15 M.J. 26, 30 (C.M.A. 1983) (citing *United States v. Shamberger*, 1 M.J. 377 (C.M.A. 1976)).

During his providence inquiry at trial, the appellant declared under oath that he knowingly downloaded and possessed videos depicting preteen females engaged in sexually explicit conduct, including penetration, with older males. At some length, the appellant explained his certainty that those depicted in the videos were real females, not computer generated images. One of the videos found on the appellant's laptop had a title using the name "Julia" in conjunction with an incestuous act.

At sentencing, trial counsel began his argument with a description of the child abuse scenario portrayed in the video with Julia's name in the title. Trial defense counsel objected that the government was arguing facts not in evidence. The military judge responded: "I did observe images depicted in Trial Counsel's argument on Prosecution Exhibit 10. I will overrule the objection." Trial counsel then finished describing the exhibit, including a statement that the child's life "undoubtedly was forever changed" by what occurred in the video, and proceeded to the remainder of his argument without objection from the defense.

On appeal, the appellant argues trial counsel improperly referred to matters outside the record by referring to impact on the victims and also made improper sentencing comparisons. We however, do not find that this occurred. We see no indication trial counsel was suggesting the appellant should be punished for anything other than offenses he committed. We perceive no effort to unduly inflame the passions or prejudices of the court. Nor do we find any other impropriety in the argument of trial counsel.

Even if we assume arguendo that improper argument did occur, in this judge alone trial we are satisfied that the military judge knew the law and applied it correctly. We are convinced that any error during sentencing argument was harmless beyond reasonable doubt.

*Sentence Severity*

The appellant finally avers his sentence is inappropriately severe. We disagree.

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

We consider whether the appellant's sentence was appropriate "judged by 'individualized consideration' of [the appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). We have given individualized consideration to this particular appellant, the nature and seriousness of his offense, the appellant's record of service, and all other matters contained in the record of trial. We find the approved sentence was clearly within the discretion of the convening authority, was appropriate in this case, and was not inappropriately severe.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court