*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

_____

Before
STEPHENS, LAWRENCE, and GERRITY
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Yobany E. FLORES-RIVAS**
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

**No. 201900059**

Decided: 30 June 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Ryan J. Stormer

Sentence adjudged 5 October 2018 by a general court-martial convened at Marine Corps Base Quantico, Virginia, consisting of a military judge sitting alone. Sentence approved by the convening authority: reduction to E-1, confinement for 27 months, and a bad-conduct discharge.

For Appellant:
*Catherine M. Cherkasky, Esq.*
*Lieutenant Clifton E. Morgan III, JAGC USN*

For Appellee:
*Major Kerry E. Friedewald, USMC*
*Lieutenant Commander Timothy C. Ceder, JAGC, USN*

Judge GERRITY delivered the opinion of the Court, in which Senior Judge STEPHENS and Judge LAWRENCE joined.

———————————

**PUBLISHED OPINION OF THE COURT**

———————————

GERRITY, Judge:

Appellant was convicted, in accordance with his pleas, of one specification of unauthorized absence and one specification each of possessing, viewing, and distributing child pornography, in violation of Articles 86 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 886, 934 (2016).[1]

Appellant raises one assignment of error on appeal:

> *Whether the Military Judge abused his discretion in accepting Appellant's plea to distribution of child pornography, as it was improvident because he did not possess the required mens rea to commit the offense?*

We find no substantial basis in law or fact to question the providence of Appellant's guilty plea and we affirm the findings and sentence.

## I. BACKGROUND

Appellant downloaded and possessed images and videos of child pornography on his personal tablet. He used a peer-to-peer file-sharing software that enables file sharing among users of that software. Appellant kept the child pornography on his tablet in a file location from which other users of that same software could search for and download the child pornography. During June and July 2017, two special agents from the Federal Bureau of Investigation [FBI] downloaded child pornography files directly from Appellant's tablet.

In August 2017, the FBI agents executed a search warrant at Appellant's residence, but Appellant was away. That same day, special agents of the Naval Criminal Investigative Service [NCIS] called Appellant, who initially agreed to meet with them. Appellant's mother-in-law called Appellant and told him the police were going to arrest him. Instead of meeting with NCIS special agents as promised, Appellant withdrew a large sum of cash and left

---

[1] The military judge sua sponte merged specifications 1 (possession) and 2 (viewing) of the Article 134, UCMJ, charge for sentencing.

the state, commencing a period of absence without authority. Appellant voluntarily returned to Quantico two days later, met with federal agents and partially confessed. Pursuant to a pretrial agreement, Appellant entered into a stipulation of fact and pleaded guilty to all charges. Specifically, Appellant admitted that he *"knew at the time* the child pornography was on his computer *that it was being shared* with others on [the file-sharing software]."[2]

Despite the clear language of his stipulation, Appellant now claims he did not knowingly make the child pornography available for others to download when he stored the files in the file-sharing software folder, and that he only came to this knowledge by reviewing the investigative materials after the distribution had already occurred.

## II. DISCUSSION

### A. Providence of an Appellant's Guilty Plea

When pleading guilty, "an accused does more than admit that he [committed] the various acts alleged in a specification; 'he is admitting guilt of a substantive crime.'" *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009) (quoting *United States v. Broce*, 488 U.S. 563, 570 (1989)). Before accepting a guilty plea, the military judge must ensure there is a factual basis for the plea; that the accused is pleading guilty voluntarily and with a full understanding of that factual basis; that the accused understands the effect of his plea; and that the accused understands he is waiving certain rights he would have at trial. Article 45(a), UCMJ; *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969); Rule for Courts-Martial [R.C.M.] 910(e). The military judge's inquiry is required to ensure an accused's pleas of guilty are voluntary and provident, that they comport with public policy, and that a thorough appellate record is created for review so that public confidence in the military plea process will be enhanced. *United States v. King,* 3 M.J. 458, 459 (C.M.A. 1977).

"A military judge may not accept a guilty plea if it is 'irregular,' the accused 'sets up matter inconsistent with the plea, or if it appears that he has entered the plea of guilty improvidently or through lack of understanding of its meaning and effect.'" *United States v. Ferguson*, 68 M.J. 431, 433 (C.A.A.F. 2010) (quoting Article 45(a), UCMJ, 10 U.S.C. § 845(a) (2006)). We review the military judge's decision to accept a guilty plea for an abuse of

---

[2] Pros. Ex. 1 at 6 (emphasis added).

discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). We review questions of law arising from the guilty plea de novo. *Id.*

In accepting a guilty plea, a military judge abuses his discretion if a ruling is based on an erroneous view of the law or if the military judge fails to obtain an adequate factual basis for the plea—but this factual basis is an area in which the military judge is afforded significant deference. *United States v. Simpson*, 77 M.J. 279, 282 (C.A.A.F. 2018) (quoting *United States v. Nance*, 67 M.J. 362, 365 (C.A.A.F. 2009)). The military judge must elicit sufficient facts to satisfy every element of the offense in question. *Inabinette*, 66 M.J. at 322. "The factual predicate [of a plea] is sufficiently established if the factual circumstances as revealed by the accused himself objectively support that plea." *Ferguson*, 68 M.J. at 434 (citation and internal quotation marks omitted).

We apply the "substantial basis" test to determine whether a military judge abused their discretion: "whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.* (quoting *Inabinette*, 66 M.J. at 322). We view the record through a lens most favorable to the Government, and any question of fact must "overcome the generally applied waiver of the factual issue of guilt inherent in voluntary pleas of guilty." *United States v. Dawson*, 50 M.J. 599, 601 (N-M. Ct. Crim. App. 1999).

As the Discussion in R.C.M. 910(e) states, an accused "must be convinced of, and able to describe all the facts necessary to establish guilt." When an accused is personally convinced of his guilt based upon an assessment of the evidence, his inability to recall the specific facts underlying his offense without assistance of the government's evidence or reports does not preclude his guilty plea from being provident. *United States v. Moglia*, 3 M.J. 216, 218 (C.M.A. 1977).

Although the military judge must elicit sufficient facts to ensure every element of the offense is met, like the military judge, we can also look to the stipulation of fact as context to determine whether the military judge abused his discretion in accepting a plea. *See United States v. Watson,* 71 M.J. 54, 58 (C.A.A.F. 2012). Unless withdrawn or stricken, a knowing and voluntary stipulation of fact that is accepted by the military judge is binding on a court-martial and cannot be contradicted by the parties. R.C.M. 811(e); *Nance*, 67 M.J. at 363. In a pretrial agreement, "absent government overreaching," the Court may presume that the accused and counsel knew what was fair and in the best interest of the accused, such as agreeing to enter into a stipulation. *United States v. Gibson*, 29 M.J. 379, 382 (C.M.A. 1990). Once entered into evidence, the parties "usually will be firmly bound" to a stipulation as part of a plea agreement, because "the defendant knows what []he has done, and has

little cause for complaint if the . . . court takes h[im] at h[is] word." *United States v. Teeter*, 257 F.3d 14, 28 (1st Cir. 2001). In plea agreements "factual stipulations are bargaining chips in the hands of the defendant." *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004). "Such bargaining chips can be exchanged for concessions from the other party only if they are enforceable." *Id.* "If defendants are not held to their factual stipulations, . . . the government has no reason to make concessions in exchange for them . . . ." *Id.* at 412-13. There is no substantial basis in law or fact to question a guilty plea on appeal when a military judge relies on a properly entered stipulation. *United States v. Jones*, 69 M.J. 294, 299 (C.A.A.F. 2011).

## B. Mens Rea for Distribution of Child Pornography

To sustain a guilty plea to distribution of child pornography, the military judge had to find that Appellant knowingly and wrongfully distributed child pornography to another. *Manual for Courts-Martial, United States* (2016 ed.) [*MCM*], pt. IV, ¶ 68b. "Distributing" is defined as "delivering to the actual or constructive possession of another." *Id.* at ¶ 68b.c.(3).

In the context of child pornography distribution cases involving peer-to-peer file-sharing networks, several courts have affirmed that an appellant knowingly distributes child pornography when he maintains the pornography in a shared folder with knowledge of the software's capabilities and functions.

In *United States v. Christy,* one of our sister courts of criminal appeals summarized the mens rea of "knowing" for distribution of child pornography:

> Criminal law distinguishes between knowledge and intent. An accused *knowingly* distributes child pornography when "he is aware that it is practically certain that his conduct will cause such a result," despite what his desire might be as to the result. An accused, however, *intentionally* distributes child pornography when "it is his conscious object[ive or desire, whatever the likelihood,] to cause such a result." The two states of mind are not interchangeable. A "knowing" distribution imports a state of mind that accommodates a lesser certainty of result than does an "intentional" distribution. Both are culpable, but describe differing states of criminal awareness. "Knowing," in this sense, connotes something less than the "absolute certainty" implied by "intentional." However the difference between these two *mens rea* may be characterized, the fact remains that for determining the providence of this appellant's guilty plea, only the lesser *mens rea* of a "knowing" distribution is required.

*United States v. Christy*, 65 M.J. 657, 662 (A.C.C.A. 2007) (quoting Wayne R. LaFave, *Criminal Law* 231-32 (3d ed. 2000) (alterations and emphasis in original) (citations omitted).

Several other military cases have affirmed this theory of liability for distribution.[3] Many federal and state courts have also applied the same rationale.[4] In *United States v. Shaffer*, 472 F.3d 1219 (10th Cir. 2007), a federal agent downloaded child pornography from the defendant's computer using a peer-to-peer file-sharing network. Following his conviction for distribution of child pornography, the defendant appealed, arguing his conduct of downloading images from a peer-to-peer network and storing them in his shared folder only met the elements of possession. The Court of Appeals for the Tenth Circuit disagreed, reasoning as follows:

> We have little difficulty in concluding that [the appellant] distributed child pornography in the sense of having "delivered," "transferred," "dispersed," or "dispensed" it to others. He may not have actively pushed pornography on [the file-sharing software program's] users, but he freely allowed them access to his computerized stash of images and videos and openly invited them to take, or download, those items. It is something akin to the owner of a self-serve gas station. The owner may not be present at the station, and there may be no attendant present at all. And neither the owner nor his agents may ever pump gas. But the owner has a roadside sign letting all passersby know that, if they choose, they can stop and fill their cars for themselves, paying at the pump by credit card. Just because the operation is self-serve, or in [the appellant's] parlance, passive, we do not doubt for a moment that the gas station owner is in the business of "distributing," "delivering," "transferring," or "dispersing" gasoline; the *raison d'etre* of owning a gas sta-

---

[3] *See e.g., United States v. Kuemmerle*, 67 M.J. 141, 144 (C.A.A.F. 2009); *United States v. Craig*, 67 M.J. 742, 743 (N-M. Ct. Crim. App. 2009); *United States v. Williams*, 74 M.J. 572, (A.F. Ct Crim App 2014); *United States v. Gorski*, 71 M.J. 729, 734 (A. Ct. Crim. App. 2012); *United States v. Christy*, 65 M.J. 657, 663 (A. Ct. Crim. App. 2007).

[4] *See, e.g., United States v. Budziak*, 697 F.3d 1105, 1109 (9th Cir. 2012); *United States v. Chiaradio*, 684 F.3d 265, 281-82 (1st Cir. 2012); *United States v. Richardson*, 713 F.3d 232, 236 (5th Cir. 2013); *United States v. Husmann*, 765 F.3d 169, 175 (3d Cir. 2014); *United States v. Shaffer*, 472 F.3d 1219 (10th Cir. 2007); *Kelley v. Commonwealth*, 771 S.E.2d 672, 675 (Va. 2015).

tion is to do just that. So, too, a reasonable jury could find that [the appellant] welcomed people to his computer and was quite happy to let them take child pornography from it.

*Shaffer*, 472 F.3d at 1223-24. We find these cases accurately describe the "knowing" mens rea, and we apply this standard to Appellant's case.

## C. Factual Basis for Appellant's Knowing Distribution

The military judge conducted an extensive inquiry in accordance with R.C.M. 910 and *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). His inquiry was guided by a stipulation of fact. The military judge ensured Appellant's entrance into the stipulation of fact was knowing and voluntary, and Appellant affirmed its contents were true.

In the relevant portions of the stipulation of fact,[5] Appellant agreed, among other facts, that *he knew* the child pornography videos and images he possessed during this time were "being shared with others on [the file-sharing software]" and that during that time, FBI agents downloaded multiple child pornography videos and images from him using the software.

The military judge did not just accept the stipulation on its face. After reviewing the evidence, the military judge astutely determined that two of the files were of insufficient quality to determine whether they constituted child pornography. Even though Appellant stipulated and testified that the images contained child pornography, the military judge did not consider those files for findings or sentencing. Further, the military judge questioned Appellant about each file contained in the stipulation during providency and when there was one ambiguity between Appellant's statements during providency and the evidence, the military judge re-opened providency to resolve the discrepancy.[6]

After accepting Appellant's stipulation of fact, the military judge asked several questions to elicit the factual basis for Appellant's guilt. Appellant admitted, consistent with his stipulation of fact, that: (1) he knew the files were child pornography; (2) he knew the files were available for others to download when they were placed in the file-sharing software's folder; (3) and the files were actually downloaded and therefore distributed to the actual possession of another.

---

[5] Pros. Ex. 1, pp. 1-6.

[6] This discrepancy does not relate to this AOE.

The military judge properly defined "knowingly" as follows:

> An act is done knowingly if done voluntarily and intention-ally. An act done because of a mistake or accident or other in-nocent means is not done knowingly.

> Knowledge may be inferred from circumstantial evidence, such as the name of a computer file or folder, the name of host websites from which the visual depiction was viewed or re-ceived, such terms used, and the number of images possessed.

> Thus in order to be convicted beyond a reasonable doubt, you must know that you possessed, viewed, and distributed the child pornography.[7]

Appellant stated he understood the definitions and elements for distribu-tion. He admitted he knowingly and wrongfully distributed child pornogra-phy. The trial defense counsel neither objected to the providency inquiry, nor, when asked, desired any further inquiry about the distribution specification. Appellant later told the military judge that he did not have any questions about the meaning and effect of his pleas of guilty; agreed that he still wanted to plead guilty; and that he was in fact guilty of the offenses.

The military judge asked Appellant to describe his specific knowledge of the file-sharing software, including Appellant's personal use to download and share files with others. Multiple times, Appellant described his personal use of the file-sharing software to search for, download, and distribute child pornography. He described the software as a peer-to-peer computer applica-tion people can use to share and download images from one another. Appel-lant used search terms in the software to find images and videos of child pornography and then downloaded the files from others to his tablet. Appel-lant knew the files he downloaded were then available for others to download from him through the file-sharing software.

To ensure Appellant had every opportunity to explain the facts in his own words, the military judge advised, "If there is something you don't remember, take an opportunity to discuss with your counsel . . . if you have any ques-tions. I don't want you just agreeing with the court. I need to make sure I hear it from you what you actually remember . . . ."[8]

---

[7] Record at 27.

[8] *Id.* at 43.

Appellant admitted that he knowingly and wrongfully distributed child pornography because he downloaded the images using that same file-sharing software, and others could, and did download the images from his computer. The military judge discussed the distribution with Appellant multiple times, and Appellant agreed that he knew the files would be available for others at the time of the actual distribution and that he was aware that law enforcement did, in fact, download the files from him.

The military judge asked multiple times whether Appellant's distribution of child pornography was wrongful, and each time Appellant agreed.

Appellant's case continued into a second day when the military judge re-opened providency and again asked Appellant whether he wanted to plead guilty and whether he was in fact guilty, and Appellant agreed. The military judge asked several questions about Appellant's knowledge of the file-sharing software, how he used it, how it worked, and how he knew it specifically enabled the files to be shared with other users.

> MJ: And did you know, at the time that you possessed this image and other images on [the file-sharing software], that it would be available to other [file-sharing software] users? Did you know that?
>
> ACC: Yes, Your Honor.
>
> MJ: And you know that from the reasons we've already discussed in relation to the other file names?
>
> ACC: Yes, Your Honor.[9]

By consciously using a file-sharing program, Appellant knew it was reasonably certain he would distribute the child pornography files he maintained in the program. This was because of the nature of the program and the manner in which Appellant set it up. Appellant knew, by the way he personally configured the software, that he made his files available for distribution by download in the very same way that he downloaded his files from others. Appellant admitted that he actually did distribute the files to law enforcement officers. Just like the gas station owner described in *Shaffer,* the fact that Appellant was not aware of the exact time and place of the download does not render his action of distribution unknowing.

Appellant could have contested the case based on the knowledge element, just as the defendant in *Schaffer* did, but Appellant–with competent counsel

---

[9] *Id*. at 286-87.

advising him—did not and instead knowingly, intelligently and consciously waived that right. Here, Appellant stipulated to and admitted to the military judge that he knew the files were available for distribution to others at the time of the distribution, and that they were actually distributed to others.

In sum, Appellant's statements during the providence inquiry were consistent with the stipulation of fact and his guilty pleas, demonstrated that he was convinced of his guilt, and established all the facts necessary to establish his guilt. The military judge did not abuse his discretion in accepting the plea.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. The findings and sentence as approved by the convening authority are **AFFIRMED**.

Senior Judge STEPHENS and Judge LAWRENCE concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court