# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Colonel ROBERT J. RICE**
**United States Army, Appellant**

ARMY 20160695

U.S. Army Military District of Washington
Tyesha L. Smith and Andrew J. Glass, Military Judges
Lieutenant Colonel Jacqueline Tubbs, Acting Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Zachary Gray, JA; Captain Catherine E. Godfrey, JA; Stephen I. Vladeck, Esquire (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Captain Catherine E. Godfrey, JA; Stephen I. Vladeck, Esquire (on reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Jonathan S. Reiner, JA; Captain Allison L. Rowley, JA (on brief).

22 October 2020

---
SUMMARY DISPOSITION ON FURTHER REVIEW
---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Judge:

Appellant's case is before this court again on remand from our superior court. *United States v. Rice*, 80 M.J. 36 (C.A.A.F. 2020).[1] In its decision, the Court of

---

[1] A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possessing child pornography and one specification of distributing child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [UCMJ]. The military judge sentenced appellant to a dismissal and confinement for five years. Pursuant to appellant's pretrial agreement, the convening authority approved only the dismissal and confinement for four years. Appellant's guilty plea was conditioned upon

(continued . . .)

Appeals for the Armed Forces (CAAF) reversed our 18 December 2018 decision in part as to the findings and as to the sentence. *Id.* at 45–46. Specifically, the CAAF "dismissed the two findings of guilty for the specifications of possession of child pornography," (Specifications 3 and 4 of Charge II). *Id.* The CAAF remanded appellant's case to this court for further review under Article 66, UCMJ, to consider "whether the federal district court conviction for possessing child pornography is or is not a lesser included offense of the [military] distribution specification," (Specification 2 of Charge II). We conclude it is. As such, we must set aside and dismiss Specification 2 of Charge II. *See id.* at 46.

## BACKGROUND

We address only the narrow issue remanded by CAAF: whether appellant's federal district court conviction for possession of child pornography is a lesser-included offense of his military conviction for distribution of child pornography.[2] The federal district court conviction, in relevant part, asserts appellant knowingly possessed material containing images of child pornography between about August 2010 and 29 January 2013, in violation of 18 U.S.C. § 2252A(a)(5) and (2). The military distribution conviction, in relevant part, asserts appellant, on divers occasions between on or about 30 November 2010 and on or about 6 December 2010, knowingly and wrongfully distributed six images of child pornography on a HP Pavilion Laptop, in violation of Article 134, UCMJ. Appellant's federal district court possession conviction preceded his military distribution conviction.

## LAW AND DISCUSSION

Whether a prosecution violates double jeopardy is a question of law we review de novo. *See Rice*, 80 M.J. at 40 (citing *United States v. Hutchins*, 78 M.J. 434, 444 (C.A.A.F. 2019)). When preserved, we also review de novo whether one offense is a lesser-included offense of another. *United States v. Gonzales*, 78 M.J. 480, 483 (C.A.A.F. 2019) (citing *United States v. Girouard*, 70 M.J. 5, 9 (C.A.A.F. 2011)).

The Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Among other things, it "forbids successive and cumulative punishment for a greater and

---

(. . . continued)
appellate review of the military judge's denial of appellant's motion to dismiss the charges as a violation of double jeopardy.

[2] For a factual background and procedural history, see *Rice*, 80 M.J. at 38–40.

lesser included offense." *Rice*, 80 M.J. at 40 (quoting *Brown v. Ohio*, 432 U.S. 161, 169 (1977)). All parties agree, and the case law supports, that possession of child pornography is not necessarily a lesser-included offense of distribution of child pornography. *See, e.g., United States v. Williams*, 74 M.J. 572, 575–76 (A.F. Ct. Crim. App. 2014); *United States v. Chiaradio*, 684 F.3d 265, 280 (1st Cir. 2012). Rather, the question remanded to this court entails a fact-specific inquiry as to whether additional steps or circumstances separate the offenses such that convictions for both offenses does not offend the Constitution. *See United States v. Dudeck*, 657 F.3d 424, 431 (6th Cir. 2011) (remanding to the district court to determine whether defendant's receipt and possession of child pornography occurred on different dates, utilized different storage means, or involved different materials).

There is no dispute, by virtue of the government's charging documents, that the date range of the military distribution conviction is entirely subsumed within the date range of the federal district court possession conviction. *Cf. United States v. Faulds*, 612 F.3d 566, 570–71 (7th Cir. 2010) (finding no double jeopardy error based on the defendant's distribution and possession of child pornography convictions because the jury's findings were based on separate acts occurring more than a month apart). Further, the parties agree: (1) all distributed images were possessed on appellant's HP Pavilion Laptop computer, and (2) these same images, which were entered into evidence at the federal district court, formed the entire factual basis of appellant's military distribution conviction. *Rice*, 80 M.J. at 38; *cf. United States v. Schales*, 546 F.3d 965, 980 (9th Cir. 2008) (discussing how convictions for receipt and possession of child pornography based on the same underlying material can survive a double jeopardy challenge so long as the government proves possession on a medium other than the one used to receive the material (e.g., a compact disc)). We do not face a situation where appellant merely facilitated a distribution of child pornography without ever possessing the materials himself. *Cf. United States v. McElmurry*, 776 F.3d 1061, 1064 (9th Cir. 2015) (hypothesizing a scenario where a person could be convicted of distributing child pornography without ever possessing it). The military stipulation of fact clearly states appellant used "his HP Pavilion Laptop computer" and he "knew that *possession* and distribution" of the images in question on that same medium was unlawful. (emphasis added).

The government neither alleged nor proved any factual delta between appellant's possession and distribution offenses sufficient to distinguish the offenses for double jeopardy purposes. In other words, appellant was convicted at court-martial of distributing a subset of the very same images he was previously convicted of possessing in federal district court. The government could not have proven the military distribution offense without also proving every element of the district court

3

possession offense.[3] As appellant's case was charged and presented at court-martial, his federal district court possession conviction was a lesser-included offense of his military distribution conviction. Therefore, we must adhere to CAAF's mandate to "dismiss the remaining [distribution] charge and specification." *Rice*, 80 M.J. at 46. We do so below in our decretal paragraph. As a result of this opinion, appellant stands convicted of no military offenses.

## CONCLUSION

The findings of guilty of Specification 2 of Charge II and Charge II and the sentence are SET ASIDE. Specification 2 of Charge II and Charge II are DISMISSED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by our decision, are ordered restored.

Senior Judge ALDYKIEWICZ and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Consistent with CAAF's decision, our elemental analysis excludes the jurisdictional element contained in the federal possession statute. *Rice*, 80 M.J. at 44.