UNITED STATES, Appellee

v.

Phillip L. PIERCE, Specialist
U.S. Army, Appellant

Nos. 11-0239 and 11-5004

Crim. App. No. 20080009

United States Court of Appeals for the Armed Forces

Argued October 12, 2011

Decided December 8, 2011

RYAN, J., delivered the opinion of the Court, in which
BAKER, C.J., ERDMANN and STUCKY, JJ., and EFFRON, S.J.,
joined.

Counsel

For Appellant:  Captain Kristin B. McGrory (argued);
Lieutenant Colonel Imogene M. Jamison and Major Jacob D.
Bashore (on brief); Colonel Mark Tellitocci, Lieutenant
Colonel Peter Kageleiry Jr., and Lieutenant Colonel
Jonathan F. Potter.

For Appellee:  Captain Frank E. Kostik Jr. (argued);
Colonel Michael E. Mulligan, Major LaJohnne A. White, and
Major Amber J. Williams (on brief); Captain Benjamin M.
Owens-Filice.

Military Judge:  Michele B. Shields

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Pierce, 11-0239/AR & 11-5004/AR

Judge RYAN delivered the opinion of the Court.

Appellant was convicted by a general court-martial composed of officer and enlisted members of a charged violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880 (2006), and two specifications thereunder (one specification of attempting to commit an indecent act with a minor and one specification of attempting to communicate indecent language to a minor), and a charged violation of Article 134, UCMJ, 10 U.S.C. § 934 (2006), and one specification thereunder (using the Internet to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422 (2006)).  The panel sentenced Appellant to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to E-1.  The convening authority approved the sentence except for the forfeiture of all pay and allowances.  The convening authority also granted Appellant twenty days of confinement credit.

The United States Army Court of Criminal Appeals (ACCA) affirmed the finding of guilty as to Charge I and its specifications and to the specification of Charge II, except to the words "in violation of Title 18, United States Code, Section 2422."  United States v. Pierce, No. ARMY 20080009, slip op. at 11 (A. Ct. Crim. App. Nov. 8,

2010).  We granted Appellant's petition under Article 67, UCMJ, 10 U.S.C. § 867 (2006).[1]

The dispositive issues in this case are whether the military judge or the members should determine whether the "[I]nternet" constitutes "any facility or means of interstate . . . commerce," an element of 18 U.S.C. § 2422(b), and, relatedly, whether use of the word "[I]nternet" in the member instructions satisfied the requirement that the attempted enticement of a minor, a

---

[1] On May 23, 2011, we granted Appellant's petition on the following issue:

> I.   WHETHER THE ARMY COURT OF CRIMINAL APPEALS INCORRECTLY FOUND THAT THE MILITARY JUDGE'S FAILURE TO INSTRUCT ON NECESSARY ELEMENTS OF AN OFFENSE WAS HARMLESS BEYOND A REASONABLE DOUBT.

We also specified the following issue:

> II.  WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE MILITARY JUDGE'S INSTRUCTION ON 18 U.S.C. 2422(B), WHICH INSTRUCTION USED THE TERM "INTERNET" INSTEAD OF "ANY FACILITY OR MEANS OF INTERSTATE COMMERCE" WAS NOT HARMLESS BEYOND A REASONABLE DOUBT.

On June 14, 2011, the Judge Advocate General of the Army certified an additional issue to this Court:

> III.  WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED AS A MATTER OF LAW WHEN IT HELD THAT THE MILITARY JUDGE'S INSTRUCTION ON 18 U.S.C. § 2422(B), WHICH INSTRUCTION USED THE TERM "INTERNET" INSTEAD OF "ANY FACILITY OR MEANS OF INTERSTATE OR FOREIGN COMMERCE," WAS ERRONEOUS.

violation of § 2422, was accomplished via "any facility or means of interstate . . . commerce," an element of 18 U.S.C. § 2422(b).  See Rule for Courts-Martial (R.C.M.) 307(c)(3) ("A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication."); see also United States v. Glover, 50 M.J. 476, 478 (C.A.A.F. 1999) ("A military judge is required to instruct the members on the elements of each charged offense.").  The question whether the language "any facility or means of interstate . . . commerce" encompasses the Internet is one of statutory interpretation, a question of law that the military judge considered, and that we answer in the affirmative.  See United States v. Giordano, 442 F.3d 30, 39-41 (2d Cir. 2006); United States v. Marek, 238 F.3d 310, 315-16 (5th Cir. 2001); Dupuy v. Dupuy, 511 F.2d 641, 642 (5th Cir. 1975).  The question whether the Internet was used to commit the attempted enticement of a minor in this case is one of fact, and was presented as such to the members in the instructions for Charge II and the specification thereunder.  Thus, contrary to the ACCA's holding, there was no error with respect to the instructions on the Article 134, UCMJ, clause 3 offense.

## I.   FACTUAL BACKGROUND

From October 25, 2006, to December 18, 2006, Appellant engaged in sexually explicit online conversations with an individual he believed to be a thirteen-year-old girl, "Anastasia."  In fact, he was conversing with a Naval Criminal Investigative Service agent, Special Agent Lepovetsky.  Appellant arranged a meeting between himself, "Anastasia," and her thirteen-year-old friend.  On December 18, 2006, when he arrived at the rendezvous location, Special Agent Lepovetsky arrested him.

As relevant to the issue in this case, Appellant was charged with, inter alia, attempted enticement of a minor to engage in sexual activity in violation of Article 134, UCMJ.  The specification stated:

> In that Specialist (E-4) Phillip Lynn Pierce, U.S. Army, did, at or near Fort Lewis, Washington, on divers occasions, between on or about 25 October 2006 and on or about 18 December 2006, via the [I]nternet, wrongfully and knowingly attempt to persuade, induce, entice, or coerce "Anastasia," someone he thought was a female 13 years of age, who was, in fact, Rachel Lepovetsky, a Naval Criminal Investigative Service undercover special agent, to engage in sexual activity in violation of Title 18, United States Code, Section 2422, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

Prior to trial, the military judge ordered the parties to address the following issue:  "In light of United States

v. Leonard, 64 M.J. 381 (2007), is it necessary to allege an interstate or foreign commerce element to state an offense when assimilating a federal crime?"  Counsel briefed the issue and presented argument in an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2006), session. Implicitly answering her question in the affirmative, the military judge ruled that the specification "necessarily implie[d]" all elements of § 2422 and that it only alleged "an offense under Article 134, Clause 3, UCMJ."

At trial, Special Agent Lepovetsky testified that, during the time period in question, "Anastasia" and Appellant engaged in sexually explicit online "chats" in a private "Yahoo!" chat room.  The Government also introduced records of chat logs from Yahoo! corroborating the agent's testimony that these communications took place via the Internet, as well as a sworn statement by Appellant admitting to his participation in these online chats. While Appellant engaged in these chats with Agent Lepovetsky from Washington, the Yahoo! server is located in California.

The military judge provided the following instructions to the members on the attempted enticement specification:

> In the specification of Charge II, the accused is
> charged with the offense of use of the [I]nternet
> to solicit illicit sex which is a violation of

federal law that has been assimilated under Article 134, UCMJ. In order to find the accused guilty of this offense, you must be convinced by legal and competent evidence beyond reasonable doubt:

One, that between on or about 25 October 2006 and on or about 18 December 2006, on divers occasions, that accused knowingly used the [I]nternet to attempt to persuade, induce, entice or coerce "Anastasia," an individual under the age of 18 to engage in sexual activity, as charged;

Two, that the accused believed that such individual, "Anastasia," was less than 18 years of age;

Three, that if the sexual activity had occurred, the accused could have been charged with a criminal offense under Article 125 or Article 134 of the Uniform Code of Military Justice; and

Four, that the accused acted knowingly and willfully.

Appellant did not object to the military judge's instructions.

The ACCA nonetheless held that the military judge erred when she failed to include the language "any facility or means of interstate or foreign commerce," in her instructions to the panel: "[T]he interstate commerce element was, in fact, omitted, rather than misphrased. The panel was never told, in any manner, that they must find the [I]nternet is a means or facility of interstate commerce in order for appellant to be guilty of the offense alleged . . . ." Pierce, No. ARMY 20080009, slip op. at 6.

7

United States v. Pierce, 11-0239/AR & 11-5004/AR

The ACCA further held that this error was not harmless beyond a reasonable doubt under Neder v. United States, 527 U.S. 1 (1999), because (1) the issue was not actually litigated, and (2) the Government failed to present any evidence that the Internet satisfies the jurisdictional element.[2]  Id. at 8.

## II.  DISCUSSION

Clause 3 offenses under Article 134, UCMJ, "involve noncapital crimes or offenses which violate Federal law." Manual for Courts-Martial, United States pt. IV, para. 60.c.(1) (2008 ed.) (MCM).  "When alleging a clause 3 violation, each element of the federal . . . statute must be alleged expressly or by necessary implication."  MCM pt. IV, para. 60.c(6)(b).  Moreover, members must be instructed on all elements of an offense.  Article 51(c), UCMJ, 10 U.S.C. § 851(c) (2006); R.C.M. 920(e)(1).  "Military judges have 'substantial discretionary power in deciding on the instructions to give.'"  United States v. McDonald, 57 M.J.

---

[2] The ACCA went on to affirm the specification under the first two clauses of Article 134, UCMJ, although the instructions did not include the terminal element of either clause.  Pierce, No. ARMY 20080009, slip op. at 9.  We vacate that portion of the decision and remand for a factual sufficiency review because:  (1) the military judge made clear that the specification presented a clause 3 offense; and (2) we resolve the case based on the error related to the ACCA's analysis of the instruction on clause 3.

18, 20 (C.A.A.F. 2002) (quoting United States v. Damatta-Olivera, 37 M.J. 474, 478 (C.M.A. 1993), cert. denied, 512 U.S. 1244 (1994)).  Whether a specification alleges all elements of an offense and whether instructions were proper are questions of law, which we review de novo.  See United States v. Ober, 66 M.J. 393, 405 (C.A.A.F. 2008) ("Whether a panel was properly instructed is a question of law reviewed de novo."); United States v. Crafter, 64 M.J. 209, 211 (C.A.A.F. 2006) ("The question of whether a specification states an offense is a question of law, which this Court reviews de novo."); see also United States v. Alston, 69 M.J. 214, 215-17 (C.A.A.F. 2010) (applying principles of statutory construction to determine whether a military judge's lesser included offense instruction was proper).

The federal law Appellant was alleged to have violated in this case is § 2422(b).  In order to be guilty of that offense, an accused must use, inter alia, "any facility or means of interstate . . . commerce" to knowingly entice a minor.  18 U.S.C. § 2422(b).  This element recognizes that regulating activity under the Commerce Clause provides a means for Congress to create federal crimes.  See United States v. Lopez, 514 U.S. 549, 558-59 (1995) (holding that Congress may regulate the use of "channels" and

"instrumentalities" of interstate commerce pursuant to its Commerce Clause power).  While the constitutionality of 18 U.S.C. § 2422 is not before us, it is nonetheless important to note here that, contrary to the ACCA's assumption, the question whether an activity constitutes a facility or means of interstate commerce is a question of law.  See Giordano, 442 F.3d at 39-41 (finding, as a matter of statutory interpretation, that intrastate telephone use constitutes the use of a facility or means of interstate commerce under 18 U.S.C. § 2425 (2006)); Marek, 238 F.3d at 315-16 (using statutory construction to determine whether use of an interstate commerce facility in an intrastate fashion meets the jurisdictional language of the federal murder-for-hire statute); Dupuy, 511 F.2d at 642 ("This appeal presents a narrow question of law -- Does the making of intrastate telephone calls satisfy the jurisdictional requirement of 'use of any means or instrumentality of interstate commerce' [in the Securities Exchange Act of 1934] . . . .").

With respect to the chapter under which the offense at issue is found, "any facility or means of interstate . . . commerce" is not defined.  18 U.S.C. § 2422(b). Determining whether that phrase includes "[I]nternet" is an exercise in statutory interpretation.  See Giordano, 442

F.3d at 39-41; Marek, 238 F.3d at 315-16.  This is a question of law, to be answered by the military judge -- as the military judge in this case recognized when she concluded that the specification alleged all elements of the § 2422(b) offense.  There is no support for the proposition that it is within the province of the members to either interpret statutory language or to traverse Commerce Clause jurisprudence, as would be necessary to determine whether the Internet was a constitutionally sufficient "facility or means of interstate . . . commerce."

Simply put, we agree with the military judge that the use of "[I]nternet," in place of "any facility or means of interstate . . . commerce," was sufficient.  Every court to address the issue agrees with the unremarkable proposition that the Internet is a means of interstate commerce, deciding the question as one of law, albeit at the appellate level.  See, e.g., United States v. Barlow, 568 F.3d 215, 220 (5th Cir. 2009) ("[I]t is beyond debate that the Internet and email are facilities or means of interstate commerce."); United States v. Tykarsky, 446 F.3d 458, 470 (3d Cir. 2006) ("[T]he 'facility of interstate commerce' involved in this case -- the Internet -- is both 'an instrumentality and channel of interstate commerce.'"

11

(quoting United States v. MacEwan, 445 F.3d 237, 245 (3d Cir. 2006))); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004) ("Congress clearly has the power to regulate the [I]nternet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact.").

Answering this point of law -- that the Internet is encompassed within "facility or means of interstate . . . commerce" -- does not remove the separate and distinct question of fact -- whether the accused used the facility or means alleged -- from the trier of fact. See United States v. Gaudin, 515 U.S. 506, 513 (1995) (explaining that the judge must instruct the jury on the law and juries must decide questions of fact and apply the law to the facts to reach a verdict); see also 3 Leonard B. Sand et al., Modern Federal Jury Instructions -- Criminal, Inst. 64-12 (2011) (instructing that the Internet is a means of interstate commerce, but requiring the jury to decide the factual question whether the Internet was used). The members in this case were instructed that they must find that the "accused knowingly used the [I]nternet" to attempt to entice a minor. There was no error in this instruction, and the evidence on this point is legally sufficient.

### III. DECISION

The certified question is answered in the affirmative. The decision of the United States Army Court of Criminal Appeals, finding prejudicial error in the instructions of the military judge, is reversed. Given our conclusion that the military judge's instructions were proper under clause 3 of Article 134, UCMJ, the case is remanded to the Court of Criminal Appeals to fulfill its statutory responsibilities under Article 66, UCMJ, 10 U.S.C. § 866 (2006), to conduct a factual sufficiency review of the Article 134, UCMJ, clause 3 finding.