# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist PHILLIP L. PIERCE**
**United States Army, Appellant**

ARMY 20080009

Headquarters, I Corps and Fort Lewis
Michelle Shields, Military Judge
Colonel James Kevin Lovejoy, Staff Judge Advocate (pretrial)
Colonel Jeffrey C. McKitrick, Staff Judge Advocate (post-trial)

For Appellant:  Captain William Jeremy Stephens, JA (argued); Colonel Mark Tellitocci, JA; Major Bradley Voorhees, JA; Captain William Jeremy Stephens, JA (on brief).

For Appellee:  Captain Benjamin M. Owens-Filice, JA (argued); Colonel Norman F. J. Allen, III, JA; Lieutenant Colonel Martha L. Foss, JA; Major Lisa L. Gumbs, JA; Captain Benjamin M. Owens-Filice, JA (on brief).

27 February 2012

-------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-------------------------------------------------------

*This opinion is issued as an unpublished opinion, as such, does not serve as precedent.*

Per Curiam:

On 8 November 2010, this court issued a memorandum opinion pertaining to this case, which affirmed the finding of guilty as to Charge I and its specifications and to the specification of Charge II, except to the words "in violation of Title 18, United States Code, Section 2422." On 8 December 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Pierce*, 70 M.J. 391 (C.A.A.F. 2011) where our superior court concluded that the military judge's instructions were proper under clause 3 of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 [hereinafter UCMJ].  Consequently, appellant's

case is once again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866.

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of separate specifications of attempting to commit indecent acts with, and attempting to communicate indecent language to, a minor in violation of Article 80, UCMJ, 10 U.S.C. § 880. The panel also convicted appellant of attempted enticement of a minor in violation of clauses 1, 2, and 3 of Article 134, UCMJ, 10 U.S.C. § 934, assimilating 18 U.S.C. § 2422. The panel sentenced appellant to a bad-conduct discharge, confinement for fifteen months, forfeiture of all pay and allowances, and reduction to Private E-1. The convening authority approved the sentence except for the adjudged forfeitures. The convening authority also granted twenty days of confinement credit to attenuate possible prejudice due to post-trial delay.

In addition to our review of this case in light of *United States v. Pierce*, 70 M.J. 391 (C.A.A.F. 2011), we also address appellant's allegation of illegal post-trial confinement for being held beyond the time authorized by his approved sentence. With regards to this latter issue, we agree with Judge Conn and our predecessor panel (as set out immediately below), that appellant is entitled to relief, which we indicate in our decretal paragraph.

### *Excessive Post-Trial Delay and Illegal Confinement*

The record reflects that it took more than ten months for the government to prepare appellant's 407 page record of trial and accompanying staff judge advocate's (SJA) recommendation, necessary for the convening authority to act on appellant's sentence. While the record contains contradictory information, the date of appellant's R.C.M. 1105 clemency submission reflects that it was prepared before the SJA served the authenticated record with his recommendation on the appellant or defense counsel, which typically triggers submission of R.C.M. 1105 and 1106 matters.

In this anticipatory R.C.M. 1105/1106 submission, appellant's defense counsel complained of the excessive delay in preparing the record in violation of the standards prescribed in *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). In response to these complaints, the SJA in his addendum essentially agreed the delay constituted legal error. As a remedy, the SJA recommended the convening authority disapprove any adjudged forfeitures, and, "[t]o alleviate any perceived prejudice against the accused," credit appellant with "twenty (20) days of confinement credit against the sentence to confinement." On 19 November 2008, the convening authority

2

followed the SJA recommendations and granted the recommended relief in approving appellant's sentence.

A convening authority's action on sentence must be electronically transmitted to the confinement facility holding a convicted prisoner no more than twenty-four hours after it is complete.[1] Unfortunately, the action granting appellant clemency was not transmitted to the confinement facility until 16 December 2008, twenty-seven days after the convening authority's action and five days after appellant's 11 December 2008 release from confinement.[2] Additional documents appellant submitted demonstrate that, had the confinement facility timely received convening authority's action reducing his confinement by twenty days, it would have adjusted appellant's actual release date to 25 November 2008. Consequently, appellant served sixteen days of confinement in excess of what he should have served, considering appropriate credits.

The government urges us to characterize the twenty-two days delay in transmitting appellant's action to the confinement facility after action as a discrete period of delay separate from delay prior to action for purposes of analyzing prejudice under *United States v. Moreno*, 63 M.J. at 135. Because the convening authority took appropriate action effectively reducing appellant's sentence for the period of delay between trial and action, we agree with the government's analysis. We find the convening authority granted meaningful relief for post-trial delay prior to action and delays subsequent to action resulting in excess confinement should be considered separately.

While we find the convening authority granted meaningful relief for the delay prior to action, we agree appellant is entitled to additional relief unless we are convinced the delay between action and transmission to the confinement facility was harmless beyond a

---

[1] *See* Army Regulation 27-10, Legal Services: Military Justice [hereinafter AR 27-10], para. 5-32(b) (16 November 2005).

[2] Prior to the convening authority's clemency, appellant's release date had been adjusted for good time, apparently generating the 11 December 2008 release date. *See* Army Regulation 633-30, Military Sentences to Confinement, para. 13 (28 February 1989) and Dep't of Def. Instr. 1325.7-M, DoD Sentence Computation Manual, para. C2.9 (27 July 2004) (C2, 9 March 2007) (outlining standard "good time" confinement credit, which reduces the period of confinement by awarding a minimum release date, granted when there are no deductions from the credit for infractions).

reasonable doubt. *United States v. Finch*, 64 M.J. 118, 125 (C.A.A.F. 2006). We are unable to do so in this case.

We will provide the relief appellant requests by ordering a monetary credit of full pay and allowances at the grade of E-4 for the sixteen day period of his illegally continued confinement from 25 November 2008 until 11 December 2008. Notwithstanding that appellant was not otherwise entitled to pay and allowances during this period, our court has held this to be the appropriate remedy for periods of illegal post-trial confinement. *United States v. Hammond*, 61 M.J. 676, 677 (Army Ct. Crim. App. 2005).

**CONCLUSION**

On consideration of the entire record, appellant's assignments of error, including those issues personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), and the decision of our superior court, we hold the findings of guilty and sentence as approved by the convening authority are correct in law and fact. Accordingly, those findings of guilty and sentence are AFFIRMED. We also reiterate our order that appellant receive sixteen days of pay and allowances at the grade of E-4 to compensate for sixteen days of illegal post-trial confinement.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court